UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAWN SHEMACK,

                    Plaintiff,

                                              MEMORANDUM AND ORDER
        -against-                             05-CV-6122 (JS)(MLO)

JOHN and JANE DOE, known
collectively as THE BOARD OF
FIRE COMMISSIONERS FOR THE
LEVITTOWN FIRE DISTRICT
LEVITTOWN FIRE DEPARTMENT
NASSAU COUNTY POLICE DEPARTMENT
NASSAU COUNTY OFFICE OF THE FIRE
MARSHALL, THE STATE OF NEW YORK
JOHN ROTTKAMP, CHIEF OF THE LEVITTOWN
FIRE DISTRICT, RICHARD MAICKEL
Fire Investigator, Nassau County
RAYMOND KURZ, Nassau County Police
Department, Detective, in their
individual and official capacities,

                    Defendants.
----------------------------------X
APPEARANCES:

For Plaintiff:      Shawn P. Shemack, Pro Se
                    04-R-2293
                    Marcy Correctional Facility
                    P.O. Box 3600
                    Marcy, New York 13403-3600


For Defendants:     No Appearance

SEYBERT, District Judge:

        Pending before the Court is the Amended Complaint of pro

se Plaintiff Shawn P. Shemack ("Plaintiff") brought pursuant to 42

U.S.C. § 1983.  This Court issued a Memorandum and Order dated

March 14, 2006, (1) granting Plaintiff's application to proceed in

forma pauperis, (2) dismissing the Plaintiff's original Complaint

because the Complaint was not filed within three years of the

alleged violation, and (3) granting Plaintiff sixty days to amend his Complaint.  See Owens v. Okure, 488 U.S. 235, 236, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989).

In Plaintiff's Amended Complaint, filed on May 15, 2006, Plaintiff alleges that he did not become aware of the Constitutional violations that were committed against him until May 30, 2003.  At this point in time, the Court presumes Plaintiff's allegations as true.  Accordingly, the Court shall not dismiss sua sponte Plaintiff's Amended Complaint.

Federal law "governs the determination of the accrual date (that is, the date the statute of limitations begins to run) for purposes of the statute of limitations in a section 1983 action."  Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997).  The statute of limitations accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. (citation and internal quotation marks omitted).  "The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action."  Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980); accord Pearl v. City of Long Beach, 296 F.3d 76, 79-80 (2d Cir. 2002).

In light of Plaintiff's allegations in his Amended Complaint - that he did not become of aware of the alleged Constitutional violations until May 30, 2003 - the United States

Marshal Service is directed to serve the Amended Complaint upon the

Defendants without prepayment of fees.


                              SO ORDERED.


                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated:      Central Islip, New York
            June   8   , 2006

3